CALEDONIA HOLDING CORPORATION, Appellant, *v.* SAMUEL
SCHNEIDERMAN, Respondent.

Supreme Court, Appellate Term, First Department, June 4, 1925.

**Vendor and purchaser — contract, designating day of sale and describing
premises, not vitiated by clause in formal contract for sale of house
" subject to any state of facts which a survey may show "— purchaser
not warranted in refusing to accept tender of contract.**

A purchaser, under a contract for the sale of a house designating the day of sale
and describing the premises, is not warranted in refusing to accept tender of a
formal contract containing the provisions embodied in the contract of sale,
though it recited the selling of the premises " subject to any state of facts which
a survey may show," where the seller offered to modify said contract on the
day of sale, so as to permit said purchaser to accept the property subject to a
survey, which, if it rendered the title unmarketable, would effect his release
from said contract.

APPEAL by plaintiff from a judgment dismissing the complaint at
the close of the plaintiff's case after a trial before a judge and jury.

*Littau & Seligson* [*Henry G. Littau* of counsel], for the appellant.

*Walter M. Effross*, for the respondent.

PER CURIAM:
Plaintiff seller sues for damages for the breach of a contract of
sale of real property.   On the fifth day of March the parties entered
into a contract for the sale by plaintiff and the purchase by defend-
ant of a brick apartment house in Brooklyn.   The contract, while
very concise, was complete as to details, and we are of the opinion
that it was intended to be an enforcible agreement and not a " mere
receipt " as is claimed by defendant.
This contract of the fifth of March provided " formal contract
to be signed and delivered March 6, 1924   *   *   *."   On that
latter date the parties met and the plaintiff seller tendered a contract
of sale upon a title company form which contained the provisions
embodied in the contract of March fifth and certain other pro-
visions, none of which was objectionable to the defendant except
the following clause: " subject to any state of facts which a survey
may show, made by Fred Thomas, City Surveyor, and exhibited
to the purchaser and initialled by him this day."   Discussion
over this clause brought out the fact that the survey which was
referred to by that clause and which was in evidence showed that
there was a stoop encroachment.
Had the objectionable clause not appeared in the contract of

sale, but in a deed tendered at the closing, it would not have entitled defendant to lawfully refuse the tender. (*Broadbelt* v. *Loew*, 15 App. Div. 343; affd., 162 N. Y. 642.) There can be no difference between the contract of sale and a deed in this respect. Moreover, in the instant case a modification was offered by the seller at this meeting. This modification, which was not accepted, was as testified, " Why not take the property subject to a survey, and put in there, if it renders the title unmarketable you don't have to take title." Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, Bijur, McGoldrick and Levy, JJ.